## SILVER v. RYAN STEVEDORING CO., Inc.

### No. 16247.

Court of Appeal of Louisiana. Orleans.

March 9, 1936.

Monroe & Lemann and Nicholas Callan, all of New Orleans, for appellant.

R. A. Dowling and Henry Wyman, both of New Orleans, for appellee.

McCALEB, Judge.

On May 9, 1934, plaintiff, a longshoreman in the employ of the defendant, was unloading large rolls of paper. While so engaged, one of the rolls (weighing about 500 pounds) slipped and fell about four feet, striking him on his side between the spine and hip, and jamming him against a large iron column.

As the result of this accident, plaintiff received injuries to his pelvis and both hips, and, in addition thereto, he claims to be suffering from a sacroiliac strain.

The defendant employer placed plaintiff under the care of its physician, who treated him for eight weeks, when he was discharged as cured. During that period plaintiff was paid compensation.

Claiming that he is temporarily totally disabled to do work of any reasonable character, Silver filed this suit on October 8, 1934, in which he seeks additional compensation.

The trial court granted judgment in his favor for 56 weeks' accrued compensation subject to a credit of 8 weeks previously paid by the defendant, and further condemning the defendant to pay him compensation as long as he is totally disabled, not to exceed 400 weeks.

There is also an intervention filed by the Charity Hospital for medication rendered to the plaintiff, in the sum of $69, and the court awarded judgment to the intervener for this amount.

The question presented here for determination is whether or not the plaintiff is suffering from a sacroiliac strain which temporarily totally disables him from doing laborious work.

The evidence shows that from the date of the accident until July 27, 1934, the plaintiff was treated by Dr. Joseph T. Scott, Jr., a physician in the employ of the defendant. At the date of his discharge by Dr. Scott, plaintiff was still suffering, and, being unable to receive further treatment from his employer, he was admitted to the Charity Hospital on August 1, 1934, where he remained until August 4, 1934. From that date he has regularly attended the clinic at the hospital.

Silver's injuries are described by the Charity Hospital and by Dr. Farrington to be a sacroiliac strain, and he has continuously worn a belt provided by the hospital to relieve him from pain. He is unable to walk without the use of the belt, as his right leg collapses under the weight of his body.

The plaintiff has been engaged in laborious employment all of his life, and, although he has attempted to work on two different occasions since the accident, he has been unable to do so, due to the excruciating pain he suffers when performing manual labor.

The defendant's evidence consists of the testimony of Dr. Scott and Dr. Hatch.

The substance of Dr. Scott's testimony is to the effect that the plaintiff is a malingerer. This doctor explains at great length that, because Silver suffered a blow on his side, he could not become afflicted with a sacroiliac strain. The injuries are diagnosed by this physician to be contusions of the right hip and the lumbar region of the back.

On the other hand, the testimony of Dr. Edward S. Hatch is not without favor to plaintiff's case. He examined Silver on July 18, 1934. On this occasion plaintiff had been referred to Dr. Hatch by Dr. Scott. Upon advice of Dr. Scott, Silver had attempted to pursue his usual employment on July 18, 1934. On that date he rewrenched his back, and was sent to Dr. Hatch for examination. Dr. Hatch diagnoses plaintiff's injuries as a traumatic sacrolumbar strain, although he stated that it was extremely difficult to make a definite diagnosis of the original injury, inasmuch as the man had been injured in May, and it was not until the middle of July that the doctor was called upon to examine him.

Plaintiff testified that he is unable to do laborious work of any character. In fact, during the month of April, 1935, he attempted to work on a steam winch, but, owing to the severe pain he experienced, was unable to continue. His testimony regarding his injuries and ensuing disability is corroborated for the most part by the records of the Charity Hospital and Dr. C. L. Farrington of that institution.

The case involves purely a question of fact. It suffices to say that the district judge was in a far better position than we are to weigh the testimony of the physicians and resolve a just conclusion in the premises. Likewise, he observed plaintiff's demeanor on the witness stand and was evidently impressed with the sincerity of Silver's statement; for, if it were otherwise, he would have been bound to hold that plaintiff was feigning illness in order to mulct his employer.

We find nothing in the record suggestive of manifest error.

The judgment is therefore affirmed.

Affirmed.